885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael SLATTON, Defendant-Appellant.
 No. 88-5129.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 23, 1989.
Decided Sept. 18, 1989.
 
 Michael Sandul on brief for appellant.
 Breckinridge L. Willcox, United States Attorney, Stephen M. Schenning, Assistant United States Attorney, Richard Kay, Law Clerk on brief for appellee.
 Before ERVIN, Chief Judge, and HAYNSWORTH and BUTZNER, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 A jury convicted Michael Slatton on two counts of theft of federal government property. The United States' evidence supported the conclusion that Slatton, while a civilian employee at the Army's Fort Meade, Maryland, Finance Office, colluded with Army personnel to receive inflated disbursements from the office. Slatton and the G.I.s would split the excess. Slatton believes the admission of certain testimony violated Fed.R.Evid. 602 and 802. We disagree, and hence affirm.
 
 
 2
 At the beginning of the second day of Slatton's trial, a juror sent the district judge three written questions. One asked why the United States had not proffered a copy of a check substantiating one of the allegedly inflated payments. The United States had at this point introduced as evidence of the payment only the monthly earning statement of the recipient.
 
 
 3
 Later that day, the United States called FBI Special Agent Thomas Drewry to testify in response to the juror's question. Drewry stated that, following standard FBI procedures, he had requested a copy of the elusive check from the Secret Service during the fall of 1987. Drewry testified that he had not yet received the copy by the January, 1988, trial date, but understood that one would be available within about six to eight weeks.
 
 
 4
 Slatton argues that the district judge ought to have stricken Drewry's testimony under Fed.R.Evid. 602, as made without personal knowledge, and under Fed.R.Evid. 802, as inadmissible hearsay. We find no merit in the first argument. Drewry had personal knowledge of the only matter to which he testified, namely, the reason why the United States had not produced a copy of the check.
 
 
 5
 As for Slatton's second argument, we conclude that Drewry's testimony contained no hearsay because it offered no out-of-court statements to prove its assertions. Drewry explained that the United States did not have a copy of the check because the Secret Service had not yet forwarded one. The Secret Service's statements that informed this explanation were offered not for their truth, but as evidence that the prosecution had pursued the check through proper channels and had been unsuccessful in getting a copy in time for trial. Therefore, the statements were not hearsay.
 
 
 6
 AFFIRMED.*
 
 
 
 *
 The parties agreed to submit this case for decision on the briefs without oral argument, and we granted their motion to that effect